# Sloss Iron & Steel Co. v. Macon County.

*Action by County for Breach of Bond by Hirer of Convicts.*

1. *Contract for hire of county convicts; action for breach of bond given to secure faithful performance; allegations of complaint.*—Where a contract with a county for hiring convicts requires the hire money to be paid quarterly, and failure to pay any quarterly instalment is made a breach of the bond securing the contract, a complaint for breach of the bond, if non-payment of more than one instalment is relied on as a breach, may include all breaches in a single count but should assign each breach separately.

2. *Same; action for breach of bond given to secure faithful performance; irrelevant evidence.*—Where a contract with a county, secured by bond, for hiring convicts provides different rates of hire for different

[Sloss Iron & Steel Co. v. Macon County.]

classes of convicts, in an action on the bond for its breach, by failure to pay instalments of hire when due, a certificate of classification of convicts signed and sworn to by a member of the board of inspectors of convicts is not admissible unless it is shown that such member is the legal custodian of the records of the board of inspectors.

3. *Same; same; statements rendered by hirer to county treasurer, or to other officers and acted on by treasurer, admissible in evidence.*—In an action by a county for breach by defendant of its bond securing a contract made with the probate judge of the county in its behalf for the hiring of convicts, by non-payment of quarterly instalments of hire money, the quarterly reports and statements rendered by defendant to the county treasurer, and received by him, or which were rendered to the judge of probate or clerk of the circuit court, and where acted on by the county treasurer, are admissible under a general or special plea of payment.

4. *Same; when made with probate judge and sued upon, it must be enforced according to its terms.*—Where a contract is made by a probate judge of a county, acting for the county, by which all the county convicts for a specified time are hired, in a suit by the county for the breach by the hirer of its bond, securing its contract, the rights of the county are to be measured by the terms of such contract, notwithstanding the probate judge made have departed from the requirements of the statute in making it; since, if there was such a departure, the county, by seeking to enforce the contract can not reject any of its terms—it can not claim both under and against a contract in the same suit.

5. *Same; same.*—Where a corporation makes a contract with the probate judge of a county acting for the county, by which it hires all county convicts for a specified time, and agrees to pay in advance, on delivery of the convicts, respectively, the hire money for such portion of the sentences as were imposed for costs, and the balance quarterly, and the contract provides that credits for advance payments shall be allowed the corporation on the next or some subsequent settlement, the corporation must make the advance payments as specified, and in quarterly settlements with the county treasurer, charge itself with all hires accrued and credit itself with advances, and pay any balance due the county, and, if a balance is due it from the county, credit itself therewith on the next settlement, and so on till final settlement.

6. *Same; action by county for breach of bond; irrelevant evidence.*—In an action by a county for breach by a corporation of its bond securing a contract made with its probate judge in its behalf for the hiring of convicts, by non-payment of quarterly instalments, where the contract provided for quarterly settlements, evidence that the probate judge made an unsuccessful effort to obtain a conference with the company's president to secure an adjustment of the accounts is irrelevant.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. N. D. DENSON.

This was an action brought by Macon county, against the Sloss Iron & Steel Company and E. W. Rucker and Thomas Seddon. The complaint, as originally filed contained two counts, which were in words and figures as follows: "1st. The plaintiff, Macon county, claims of the defendants, Sloss Iron & Steel Company, a corporation, Thomas Seddon and E. W. Rucker, the sum of twelve hundred dollars with interest thereon, from the first day of January, 1893, and twenty per cent. damage on said sum for the breach of the conditions of a bond made by the defendants on the 1st day of January, 1890, payable to the plaintiff in the sum of two thousand dollars, with the following condition: 'The condition of the above and foregoing obligation is such that whereas the above bound Sloss Iron & Steel Company has hired all of the Macon county convicts for a term beginning on the first day of January, 1890, and ending on the 31st day of December, 1893, and has this day made and entered into a contract with the agent of the hard labor of said county for the hire of said convicts which said contract is here referred to and made by reference a part thereof. Now, if the said Sloss Iron & Steel Company shall well and truly comply with the terms of said contract and faithfully do and perform all that he is therein required to do and perform in the manner therein required. * * * * then the above obligation is to be void, otherwise to remain and continue in full force and effect,' which said bond plaintiff alleges was duly and legally approved by the judge of probate of said county, and plaintiff alleges that the condition of said bond has been broken by the defendants in this, that the Sloss Iron & Steel Company did on the 1st day of January, 1890, contract in writing with W. H. Hurt, judge of probate of said county, who was the duly authorized agent of the court of county commissioners of said county, to make said contract for the hire of all convicts who had been or who might thereafter, between the 1st day of January, 1890 and the 31st day of December, 1893, be sentenced to hard labor for said county, at the rate of nine dollars per month, for each of said convicts, said hire to become due and to be paid quarterly, to-wit: on the first day of April,

July, October and January of each year; and defendants further agreed in said contract that if default should be made in the payment of said hire or in any other payment required by the same, and suit to recover the same should be instituted, twenty per cent. damages should be added to the amount of such default, and be recoverable as a part thereof; and plaintiff alleges that said bond was executed in consideration of said contract and to secure the faithful performance of the same by the said Sloss Iron & Steel Company, and plaintiff alleges that in accordance with the stipulations of said contract plaintiff delivered to said company a large number of convicts, to-wit, fifty (56) six convicts, the same being all of the county convicts, and has in all other respects complied with the requirements of said contract; but plaintiff alleges that the said company has wholly failed to pay plaintiff for the hire of said convicts, and after deducting all credits to be allowed by the terms of said contract, is justly due plaintiff, under said contract, the said sum of twelve hundred dollars with the interest and damages hereinbefore set out, for which plaintiff prays judgment against the defendants."

2d. "The plaintiff further claims of the defendants the sum of five hundred dollars, with interest thereon from the 1st day of January, 1894, and twenty per cent. damages on said amount for the breach of the condition of a bond made by defendants on the 17th day of February, 1893. for the sum of two thousand dollars, payable to plaintiff and conditioned in all respects as the bond described in the 1st count of this complaint, except that the term of hire of convicts expressed therein is from the 1st day of January. 1893, to the 31st day of December; 1895, which bond was duly and legally approved by the probate judge of said county, and was made in consideration of and for the faithful performance of the contract herein set forth; and plaintiff alleges that the condition of said bond has been broken in this, the said Sloss Iron & Steel Company did on the 17th day of February, 1893, contract in writing with W. H. Hurt, judge of probate of said county, the legally authorized agent of the court of county comissioners of said county, for the hire of all convicts then under sentence and thereafter to be sentenced to hard labor for said county from the first day of January, 1893, to the 31st of December, 1895, and the

said company by said contract agreed to pay to plaintiff for said convicts twelve dollars per month each for the 1st class convicts, nine dollars per month each for 2d class convicts, and five dollars per month for 3d class convicts, and to furnish maintenance for deadheads—the classification to be made by the board of penitentiary inspectors; and plaintiff alleges that by said contract the defendant company agreed to pay the hire of said convicts quarterly on the 31st day of March, June 30th, September 30th and 31st December each year; and plaintiff further alleges that in accordance with said contract plaintiff delivered to said company a large number of convicts prior to January 1st, 1894, to wit, twenty-four convicts, the same being all the county convicts, and in all other respects plaintiff has complied with said contract; but plaintiff alleges that said Iron & Steel Company has wholly failed to pay plaintiff for the hire of said convicts, and that said company is justly indebted to plaintiff in the sum and damages hereinbefore set out, and has damaged plaintiff as above stated; wherefore plaintiff prays judgment against these defendants for said sum."

The plaintiff, by leave of the court, amended each of the counts by increasing the amount sought to be recovered. By leave of the court the plaintiff further amended the complaint by inserting the following words: "And the plaintiff alleges that at a regular meeting of the commissioners court of said county, an order was passed and entered on the minutes of said court appointing Judge W. H. Hurt to hire out the county convicts of the county, as agent for said court, and authorizing him to hire out said convicts to defendants to work in the coal mines." The defendant demurred to each of the counts in the complaint upon many grounds, which may be summarized as follows: 1. The bond sued on is void in that the same was not conditioned as required by law. 2. Each count of the complaint fails to disclose what convicts were delivered to the Sloss Iron & Steel Company under the contract and bond. 3. Each count in the complaint shows that payments were to be made to the county quarterly, but fails to show how much was due and owing to the county each quarter. 4. Each count fails to allege that any classification was made by the board of penitentiary inspectors. 5. (As to the second

[Sloss Iron & Steel Co. v. Macon County.]

count)   It is not averred how many of each of the three classes of convicts mentioned in said contract were received by the contractor.   Each of these grounds of demurrer were overruled.   Thereupon the defendant filed the following special pleas :

"2d.  For further answer said defendants say that the defendant, the Sloss Iron & Steel Company, paid the debt or demand for the recovery of which this suit was brought before the action was commenced.

"3d.   For further answer these defendants say that from time to time at the expiration of the several quarters at which, by the terms of said contracts the said contractor was to make payments, said company furnished to the plaintiff an itemized statement showing the amount due the plaintiff for the hire of each convict and the amount due and owing for the same for the quarter covered by such statement.   That after deducting all payments made by said defendant company to said county, the balance, when, as it often was, in favor of the county, was paid by said company to said county, and the said county gave its receipts in writing, stating that the sum so received was in payment of the hire of convicts for the quarter covered by such statement; that when said balance was in favor of said company the amount due by the county was carried over to the next quarter, then accounted for as aforesaid.   That said quarterly settlements were made from time to time until and including the 31st of December, 1893.   That said last quarterly settlement showed a balance in favor of said county of fifty-one 60–100 dollars and said sum was paid to said plaintiff by said defendant company and receipted for in writing by said plaintiff; and these defendants say that on each of said settlements covering and including each quarter from the 31st of March, 1890, to and including December 31, 1893. the balances ascertained to be due the county were paid by defendant company and received by the county as being in full of the sums due said county, and said county executed its receipts for the same in writing, wherefore these defendants say that the plaintiff is not entitled to recover in this action.

"4th. For further answer to the complaint these defendants deny each statement and allegation thereof, except the execution of the bonds sued on and the execu-

tion of the contracts therein stated.'' Issue was joined upon these pleas.

Upon the trial of the cause, as is shown by the bill of exceptions, the plaintiff offered in evidence the two contracts and bonds sued upon, which were signed by the defendants. The defendants objected to the introduction of each of these contracts and the bonds, on the ground that there was no proof, or offer to prove, that the commissioners court of Macon county, had, at its first term, held in any year, or at any other time, determined whether the convicts should be worked on the public works of the county, or let for hire. The court overruled the objection and permitted each of the contracts and bonds to be introduced in evidence, and to this ruling the defendants separately excepted. Each of the contracts sued upon and introduced in evidence commenced with the following recital: ''Whereas, the honorable commissioners court of the county of Macon, State aforesaid, did at a term thereof begun and held on the 6th day of January, 1890, determine, by an order regularly made and entered upon the minutes thereof, to let to hire all convicts which theretofore had been or thereafter should be sentenced to hard labor for said county. And whereas, by a further order of said court, W. H. Hurt, judge of probate, was duly and regularly appointed the agent and representative of said court and for said county in and for the hiring of such convicts. And whereas the said W. H. Hurt, agent aforesaid, acting for, in behalf and to the use of said county of Macon, and in compliance with the terms and conditions of the orders aforesaid of said court, has hired to the Sloss Iron & Steel Company of the county of Jefferson, and State aforesaid, Alabama, of the convicts, who have been or may hereafter within the term covered by this contract be sentenced to hard labor for said county. Now, therefore, this contract made and entered into this the first day of January, 1890, by and between the said W. H. Hurt, agent aforesaid, acting for and to the use of said county, party of the first part, and Sloss Iron & Steel Company party of the second part, witnesseth.'' Then follows the several articles of the contract. The first was that the party of the first part would deliver to the contractor all the convicts sentenced to hard labor for the county of Macon, to

be employed by the party of the second part in mining
or work incident thereto : The second article was as
follows : "That the said party of the second part shall
pay to the county of Macon as hire for each of the con-
victs delivered hereunder as follows : For nine dollars
per month, for all classes, all convicts to be hired for the
full term of their sentence, payment to be made as fol-
lows : First, all that part of the hire of each convict
which accrues from so much of the hire of hard labor as
is imposed for the costs of conviction, shall be paid in
advance on the delivery of the convicts, respectively,
and credit therefor shall be allowed the contractor on the
next; or, if need be, any subsequent settlement; and
second, except as next above provided, the hire under
this contract shall be paid quarterly on the first day of
April, July, October, January each year, and if default
should be made in the payment of said hire, or in any
other payment required by this contract, and suit to re-
cover the same be instituted, twenty per cent. damages
on the amount as to which the default occurs shall be
added thereto and be recoverable as a part thereof." By
the third article it was provided that the contract was
entered into in contemplation of all the laws of Alabama,
in relation to the hiring, management and treatment of
county convicts, and subject to the rules and regulations
of the board of inspectors of convicts. By the fourth
article it was stipulated that the party of the second part
should receive all convicts assigned to it under this con-
tract at the county jail. The fifth article provided for
the humane treatment of the convicts while in the
custody of the contractor, and for their clothes and
maintenance. The sixth article was in reference to the
way in which they should be kept and guarded. The
seventh was in reference to the discharge of convicts at
the expiration of their terms of penal servitude. The
eighth related to the delivery of convicts from time to
time as they were sentenced. The ninth provided for the
execution of the bond by the contractors with sufficient
sureties. The tenth provided for the termination of the
contract under certain conditions. The eleventh article
provided for a monthly report to be made by the con-
tractor to the board of inspectors, concerning the condi-
tion of the convicts, &c.

The contract sued on in the second count of the com-

plaint was in all respects the same as the first, with the exception that by the second article, it was provided as follows : "2. The party of the second part shall pay to the county of Macon, as hire for each of the convicts delivered thereunder as follows : For 1st class convicts $12 each per month ; 2d class convicts, $9 each per month ; 3d class convicts $5 each per month. ' Deadheads maintenance, classification of convicts by inspector to govern payment to be made as follows : First, all that part of the hire of each convict which accrues from so much of the term of hard labor as is imposed for the costs of conviction shall be paid in advance on the delivery of the convicts respectively, and credit therefor shall be allowed the contractor on the next settlement ; and, second, except as next above provided, the hire under this contract shall be paid quarterly for quarters ending March 31, June 30, September 30, and December 31st, and if default should be made in the payment of said hire, or in any other payment required by this contract, and suit to recover the same be instituted, twenty per cent. damages on the amount as to which the default occurs shall be added thereto and be recoverable as a part thereof."

Bonds were executed at the time of the execution of each of these contracts, containing the condition copied in the first count of the complaint. Each of these bonds were signed by the defendants Thomas Seddon and E. W. Rucker; as sureties of the Sloss Iron & Steel Company.

The plaintiff then offered in evidence a record book which was identified as the record of convicts sentenced to hard labor for Macon county kept in probate judge's office required by law, showing the date of conviction of each convict turned over to the defendant company under said contracts, and the term for which each convict was sentenced, and by what court sentenced, including convicts sentenced by justices of the peace in said county. The defendants objected to the introduction of said book in evidence, on the ground that it had not been properly identified as a record kept by authority of law by a sworn officer. Plaintiff then introduced as a witness for this purpose, W. H. Hurt, probate judge of Macon county, who testified that the book was the official record kept in his office as required by law ; that some of said entries

on the book were made by him, the remainder were made by the clerk of the circuit court, who was also *ex officio* clerk of the county court; that many of said entries were made by said clerk while the book was in his (Hurt's) office, but said clerk took it from his office from time to time to make entries as to convicts convicted by the circuit court, and that such entries were made by the clerk, possibly in the office of the clerk of the circuit court, and not in his, Hurt's, office, but he could not be positive about this, and that said last named entries made by the clerk were not made in his, Hurt's, presence. The defendants objected to the record, on the ground that said book was not competent evidence on this trial of the facts therein stated. The court overruled the objection and permitted the book to be put in evidence, and to this ruling of the court the defendant excepted. The plaintiff then read in evidence, without objection, the record of conviction and sentence of each of the convicts mentioned in said record book, and covered by the contracts of defendant Sloss Iron & Steel Co., who were convicted by the circuit and county courts of said county, as shown by the minutes of said circuit and county courts, which sentences showed for what length of time each convict was sentenced for fine and costs, and showed the time of sentence for punishment or fine, and the time of sentence for cost separate and distinct. It was then agreed that a list of the convicts so sentenced should be prepared and introduced in evidence, in lieu of said minute entries of the circuit and county courts and the same was done and admitted in evidence, without objection. Said list showed the names of the convicts, when and by what court sentenced, the date of delivery to the Sloss Iron & Steel Company, under the contracts in evidence, and the time for which each was sentenced for punishment, (as distinguised from the time of working out the costs); as to costs, said list showed the amount in each case, which the convict was sentenced to work, and the rate per day at which he should perform that part of the sentence.

The plaintiff then introduced in evidence a paper writing, sworn to, and purporting to be signed by A. T. Henley, who was a member of the board of inspectors of convicts. In this affidavit the said Henley stated that the accompanying statement of classification of convicts

of Macon county, sentenced to hard labor for said county, and hired to the Sloss Iron & Steel Company was correct, and is a copy of said classification as it appears from the official record of the board of inspectors of convicts in his office. Accompanying this affidavit was a report of the classification of said convicts. To the introduction of these papers the defendants objected on the following grounds: 1st. That it was not legally certified. 2d. That it does not purport to be a true and correct transcript. 3d. It does not appear to be officially certified. The court overruled the objection, admitted said certificate, and transcript, and to this ruling the defendant, duly excepted.

The defendants introduced in evidence certain papers, which their attorney stated were quarterly statements sent out by the Sloss Iron & Steel Company, purporting to show the amount of hire due for each convict received from the county for each quarter, and the amount of the aggregate of the hire of all convicts on hand during the quarter, irrespective of whether they were working out the fines or costs. And at the end of each quarter was a similar statement accompanying said statement, which was an account correct between the county and said contractor showing as a debit to the contractor the amount of hire earned for the quarter, as shown by the aforesaid itemized statement, and crediting said contractor with an itemized statement of all sums advanced by it during said quarters in payment of the costs of conviction of said convicts, and showing the balance due, whether to the contractor or by the contractor, as stated by the company, but neither plaintiff nor its agent had anything to do with making out such statements. That when such balance was in favor of the county, said settlements were accompanied by a check for such balance, when the balance for any quarter was in favor of the contractor such balance was carried over to the next quarter, and from quarter to quarter, until the balance was in favor of the county, when it was accompanied by a check in favor of the county, as aforesaid. It was shown by the evidence that some of these statements were sent to W. H. Hurt as hard labor agent of the county, and when so sent he turned them over to J. B. Bilbro, who was the county treasurer; but most often they were sent to said Bilbro direct by the defend-

ant company. On one occasion such statements were
sent to the clerk of the circuit court of Madison county
as hard labor agent; said clerk was not the hard labor
agent, but the settlement of that quarter showed a bal-
ance in favor of the county, and as the check which ac-
companied it was made payable to said clerk as hard
labor agent, he indorsed it as such and received the
money on it, which he at once paid over to said Bilbro,
as county treasurer. In two instances W. H. Hurt re-
ceipted for balance purporting to be due the county for
particular quarters. In every instance except the three
mentioned above, the check accompanying said monthly
statement (when there was a balance in favor of the
county) was made payable to J. B. Bilbro, county
treasurer, and said Bilbro, when the same with said ac-
companying statement was received, signed a receipt as
county treasurer, in which he acknowledged receipt of
the sum paid him, and stated the sum so received was
"in payment" for convict hire for a particular quarter,
naming it. In the two receipts executed by said Hurt
it was shown that the sum received was for convict hire
for a named quarter, but the words "in payment" were
omitted. So also as to the receipt signed by the clerk
as hard labor agent, the receipts were prepared by the
company and forwarded with the statement. The afore-
said receipts of Bilbro, Hurt and said clerk were intro-
duced in evidence, together with the said quarterly
statements rendered and original vouchers signed by the
clerk of the circuit court, corresponding in amounts
with those stated in said quarterly statements.
These receipts were for the costs advanced
from time to time by the contractor to the clerk of said
circuit court for convicts received by it under said con-
tracts. Said Bilbro testified that he frequently con-
ferred with said Hurt as to the state of accounts be-
tween the county and the contractor as shown by said
monthly statements, and that said Hurt was informed
of the receipts given by him, Bilbro, from time to time.
In the month of August, 1893, it was shown by the evi-
dence, Hurt began to try to get a settlement with the
company, and they claimed the matter was settled.
Hurt and Bilbro both testified, however, that neither
had ever admitted the correctness of said settlements
and that they had never had a full settlement of said ac-

counts, but neither denied having executed said receipts. It was shown in evidence that the amounts paid over to Bilbro on said quarterly statements went into the county treasury and have never been refunded to the contractor, and that the sums paid the circuit clerk for costs were lawfully applied by him to the payment of costs. There was no evidence offered to show any classification of convicts by the inspectors, except the sworn certificate or statement by Henley, hereinbefore referred to, and there was no evidence that the court of county commissioners of Macon county had at any time determined whether the convicts should be worked on the public works or be let to hire, or had made any order or had any proceeding of any kind at any time in reference to the hiring of convicts, unless the recitals of said contracts in this respect are evidence thereof. For the purpose of showing that said W. H. Hurt had never admitted that there had been any settlement between the county and the contractor, the plaintiff introduced said W. H. Hurt, as a witness who testified that in August, 1893, he went to Birmingham, and to the office of defendant company, that he called in the morning and met one McQueen, the auditor of the company, and stated to him that he had come to look over the accounts between the county and the company, with a view to reaching some adjustment; that McQueen thereupon introduced him to some one whom he said was the president or vice-president of the company, to whom the witness again stated for what he had called. He was told by said president or vice-president that he was very busy that morning and requested him, Hurt, that he would meet him, the vice-president, there that afternoon at 4 o'clock; that he, witness, called there again at the hour named, but said person was not there and did not come; and that witness then had a conversation with said McQueen, but reached no settlement. Defendants moved to exclude all this evidence of said Hurt. The court sustained the motion, as to all that was said and done on said occasions, except the introduction of Hurt by McQueen to the president, or vice-president, and of the said conversation between Hurt and that officer, the promise of the latter to return and his failure to do so. The defendants then moved to exclude that part of the evidence which the court, by said ruling, had permitted to remain in, on the

ground that it was irrelevant and incompetent. The court refused to exclude it, and to this ruling and action of the court the defendant excepted.

The plaintiff objected, at the time when they were offered, to all the quarterly statements sent by the contractor to Hurt and Bilbro, on the ground that said evidence was irrelevant and incompetent, and plaintiff also objected, when they were offered, to the introduction in evidence of each and every receipt signed by the circuit clerk, acknowledging the receipt of the costs of the said convicts, on the ground that the county was not chargeable on a settlement or in this suit with the money advanced by the contractor for the costs, and in this connection the attorney for the plaintiff stated that the county was not suing in this action to recover for the hire of convicts for the time they were sentenced for costs and disclaimed a right to recover for said time, and the county only sought and asked a recovery for any balance due after allowing all payments to the treasurer for the hire of convicts for sentence, for non-payment of fine, or for punishment, as distinguished from the time they were sentenced for costs. The court granted the motion of the plaintiff to the quarterly statements and excluded such statements from the consideration of the jury, but allowed all the receipts to be introduced as evidence before the jury, and to this ruling of the court the defendant duly expected.

The bill of exceptions then recites: "In its general charge the court, amongst other things, instructed the jury as to the proper mode of ascertaining the state of the account between the county and the contractor according to the construction placed by the court on the two contracts. The jury was instructed on this subject that they should not consider or take into their estimate in determining the contractors' liability the terms for which said convicts were sentenced for costs. That the county was entitled to recover in this action only for such portion of the time of the convicts as was covered by the sentence for punishment, as distinguished from the sentence for costs, and that it was not entitled in this action to recover on account of any sentence as to cost and that it disclaimed any recovery on account of hire for costs. That the jury should, under the first contract, ascertain what amount was due by

the contractor for the time for which the said convicts were sentenced for punishment (not for costs) at the rate of nine dollars per month, for each convict, and from this they should deduct any part of such sentences as were not worked out by reason of the death or pardon of the convict, or his discharge from other lawful cause. From this should be deducted all payments made by the contractor to Bilbro, county treasurer, or that were received by said Bilbro, on the two receipts signed by Hurt, and the one voucher signed by the clerk of the circuit court as hard labor agent, and the balance between the hire thus stated and the payments thus made if any, would determine the amount of the plaintiff's recovery, under the first count of the complaint. That sums advanced by the contractor under the contract for the payment of costs, should not be considered; that said payments had nothing to do with this case, and was not to be allowed as a credit to the contractors. That the account under the second contract was to be stated on the same principles as the first, except the hire was to be computed with reference to the classification of the convicts shown by the certificate of inspector Henley, at the price offered by the contract for each class. To all that part of the foregoing charge which construed the contracts as not entitling the defendants to a credit for sums advanced under the contract for costs, the defendants excepted."

Among the charges requested for the defendants, and to the refusal to give each of which they separately excepted, were the following: (4.) "If the jury believe the evidence, they will find for the defendants." (5.) "If the jury believe the evidence, the plaintiff can not recover under the second count of the complaint." (6.) "The Sloss Iron & Steel Company is entitled to be credited on general account for each quarter the amounts paid for costs during such quarter." (7.) "The amounts advanced by the defendant company for costs of conviction (if such payments are shown to have been the correct amount of costs) are to be credited to said company on the account for the hire of convicts for the quarter in which said payments were made."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several

rulings of the trial court to which exceptions were reserved.

JOHN M. CHILTON and JOHN P. TILLLMAN, for appellants.—The complaint fails to show that the commissioners court, at any time, determined whether the county convicts should be worked on the public roads, or whether they should be let to hire. The question whether the commissioners court can make a valid contract of hiring, without first determining whether the convicts shall be worked on the public roads, or let to hire, is squarely presented. No doubt was ever entertained on this subject until the case of *Trammell v. Lee County*, 94 Ala. 194. It had been time and again decided, that such action by the commissioners court was jurisdictional, and that without it, no valid contract could be made.—*State v. Metcalfe*, 75 Ala. 42; *Arrington v. Morgan*, 75 Ala. 606; *Ex parte Crews*, 78 Ala. 457; Crim. Code, § 4594.

2. But even if Trammell's case is the law, still the defence was good in this case. It will be noted that, in Trammell's case, attention is called to the fact that the suit was against Trammell alone, and that there were no sureties. There was, at least, a recognition of the principle that whatever may be the right to recover on the common counts against a principal, no such right can be asserted against sureties. Their liability is on the contract alone, and the contract, in so far as they are concerned, is strictly construed. "There is no equity against a surety."—*City Council v. Hughes*, 65 Ala. 201.

3. The court erred in permitting the record of convicts to be put in evidence. It should have been confined to such entries as were made by the probate judge, as was done in *Trammell v. Lee County*, 94 Ala. 194.

4. The county's rights were determinable by the term of the contract, and it was to be recovered upon as an entirety. A party to a contract may not select and enforce such portions as are in his favor, and discard other portions of the same contract. He must either repudiate the contract as a whole, or adopt it as a whole. *Williamson v. Tyson*, 105 Ala. 644.

W. F. FOSTER, *contra*.—1. The complaint as amend-

[Sloss Iron & Steel Co. v. Macon County.]

ed was sufficient in every respect. It fully complied with the requirements of section 2664 of the Code, and was in strict accordance with the forms for such actions prescribed in the Code page 791, and therefore contained all allegations necessary to a recovery.—*Sprowl v. Lawrence*, 33 Ala. 675 ; *Dothard v. Sheid*, 69 Ala. 135 ; 2 Brickell's Digest, 702, §§ 31-32 ; *Perryman v. Greenville*, 51 Ala. 507 ; *Tuscaloosa County v. Logan*, 57 Ala. 296.

2. If it was competent for defendant to set up any such matter for defense to the action in any way, it should have been made by special pleas in avoidance, and therefore should have been proved by them. The burden of proof was on the defendants to show that the foundations laid down in the law had not been observed. The commissioner's court being clothed with exclusive authority, to control convicts sentenced to hard labor for the county, and the contract and bond set out in the complaint being on their face valid, the court having special authority to made and receive the same, the law presumed that they had observed all necessary formalities—that they had done their duty—and therefore it was not necessary for the plaintiff to particularly allege or prove that they had done so, and that they had not done so, was purely a matter of defense.—15. Am. & Eng. Encyc. of Law,1066 ; 19 Amer. & Eng. Encyc. of Law, 559-460 ; *Choqueth v. Banks*, 33 Mo. 249 ; *Wood v. Perry*, 4 Laws (N. Y.) 80 ; *Moore v. Moreburne*, 45 N. Y. 368 ; 1 Wharton on Evidence, §§ 369, 371, 366; 2 Wharton on Evidence, §§ 1318, 1319.

3. But defendants by every authority in the law, are estopped from setting up the fact that the Commissioner's Court may not have complied with the provision in question.—Bigelow on Estoppel, pp. 354, 365 ; 2 Hermann on Estoppel §§ 767, 768, 1252, 1401 ; 2 Am. & Eng. Encyc. of Law, pp. 7, 8, 9, notes ; *Am. Agr. & Mech. Asso. v. Ala. Gold Life Ins.Co.*, 70 Ala. 120 ; *Marion Savings Bank v. Dunkin*, 54 Ala. 471 ; *Lehman Durr & Co. v. Warren*, 61 Ala. 455 ; *Montgomery R. R. v. Hurst*, 9 Ala. 471 ; *Mayer v. Holt*, 22 Ala. 699 ; *Mitchell v. Ingram*, 38 Ala. 395 ; *State v. Brewer*, 64 Ala. 287 ; *Trammell v. Lee County*, 94 Ala. 194.

HEAD J.—The hire-money agreed to be paid by the

[Sloss Iron & Steel Co. v. Macon County.]

appellant, was, by the contracts, payable in quarterly installments. Failure to pay an instalment was of itself a distinct breach of the contract. There should, therefore, be separate assignments of the several breaches, though all may be in the same count of the complaint. The demurrer upon this point should have been sustained. All objections to the validity of the contracts declared on being waived by counsel, the complaint was in other respects sufficient.

The objection to the introduction of the convict record book was waived by the subsequent agreement of the parties.

It did not sufficiently appear that Henley was officially authorized to certify to the classification of the convicts, and his certificate ought not to have been received in evidence. It should be made to appear that he was the legal custodian of the records of the proceedings of the Board of Inspectors.

The quarterly reports and statements of the defendant rendered to the county treasurer and received by him, or which came to his knowledge and recognition and were acted on by him, though rendered to the judge of probate or clerk of the circuit court, were admissible in evidence under the 3d plea, and under the general plea of payment.

The plaintiff sued upon the contracts entered into by it with the defendants. Its rights are, therefore, to be measured by the terms of those contracts. It matters not how far the probate judge, in making the contracts, may have departed from the requirements of the statute; if there was such departure, the county seeking to enforce them, cannot reject any of their terms. It cannot claim under and against the contracts. By these contracts, the defendant company hired all the convicts for the times specified, and agreed to pay in advance on delivery of the convicts, respectively, the hires for such portions of the terms of sentence as were imposed for costs, and the balance quarterly ; and it was stipulated that for said advance payments, credits should be allowed the company, on the next. or if need be, any subsequent settlement. Under this arrangement, it was the duty of the company to make the advance payments, and to make quarterly settlements with the county treasurer, charging itself with all hires accrued, and crediting itself, upon the gross amount of hires accrued, with the

amounts advanced, and if there was a balance due to the county to pay the same. If the balance was due the company it should be credited therewith on the next settlement, and so on, until final settlement upon the termination of the contract. The oral instructions of the court, on this subject, were opposed to this view, and were erroneous, as were also the refusals to give charges six and seven requested by the defendants.

The abortive effort of the witness, Hurt, to have an interview with the president or vice-president of the defendant company was not relevant or material and should not have been admitted.

Reversed and remanded.