HURST et al. v. KIRBY.  (7 Div. 521.)

(Supreme Court of Alabama.   Oct. 29, 1925.)

1. Evidence ⬡383(3)—State examiner's report held to make prima facie case for ex-sheriff, suing clerk and surety for fees due.

Under Code 1923, § 746, report of state examiner, showing items of sheriff's fees collected by clerk, as evidenced by execution docket kept by latter, made prima facie case for ex-sheriff, suing clerk and his surety for fees due plaintiff, and cast burden of refuting findings or showing payment to plaintiff on defendants.

2. Evidence ⬡383(3)—Failure of state examiner's report to show date of each fee collection by clerk immaterial in suit for sheriff's fees collected.

That state examiner's report, showing items of sheriff's fees collected by clerk, does not show date of each collection, is immaterial as respects ex-sheriff's right to recover fees collected during his term from clerk and latter's surety; it being sufficient to show that all items were collected during period of clerk's incumbency covered by official bond.

3. Clerks of courts ⬡75—Plaintiff's testimony as to keeping fee book held sufficient to entitle him to claim sheriff's fees collected during his term by clerk.

Plaintiff's testimony, in suit against clerk and his surety for sheriff's fees collected during plaintiff's term as sheriff, that he kept a book in his office on which was entered every fee earned by him, left it in sheriff's office when term expired, and had searched for, but was unable to find it, held sufficient to entitle him to claim such fees, under Code 1923, §§ 7266, 7267.

4. Clerks of courts ⬡75 — Statute requiring sheriff to keep fee book cannot be invoked by clerk sued with surety, for sheriff's fees collected by him.

Provisions of Code 1923, §§ 7266, 7267, requiring sheriff to keep fee book, are for protection of parties liable for payment of fees, and cannot be invoked, in ex-sheriff's action against clerk and surety for fees due him, by clerk who actually collected them, as shown by his execution docket, and has them in his possession as clerk.

5. Clerks of courts ⬡75 — State examiner's report of sheriff's fees collected by clerk not inadmissible as whole, in ex-sheriff's action for fees due him, because of discrepancies between it and allegations of complaint.

Discrepancies between state examiner's report of sheriff's fees collected by clerk and allegations of complaint, in ex-sheriff's suit against clerk and surety for fees due him, would not render entire report inadmissible, as variant items could be excluded from consideration on proper motion, or by court ex mero motu.

6. Clerks of courts ⬡75—That ex-sheriff suing clerk and surety for fees collected had number of executions, on which he made no official returns, in his hands at expiration of term, held immaterial.

That ex-sheriff, suing clerk and surety for sheriff's fees, had in his hands, at expiration of his term, a number of executions, under which clerk was entitled to items of cost, as to which he made no official returns, held immaterial, in absence of evidence that any of them could be collected by reasonable diligence, or that clerk suffered any injury because of plaintiff's negligence in that regard.

7. Evidence ⬡177—State examiner's testimony as to net amount due ex-sheriff, as shown by official dockets, held admissible as being result of voluminous facts and inspection of books, which could not be examined in court.

Testimony of state examiner, who made report of items of sheriff's fees collected by clerk, as to net amount due ex-sheriff, as shown by official dockets, held admissible, in latter's action against clerk and surety for fees due him, as being result of voluminous facts and inspection of many books and papers, which could not be conveniently examined in court.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by R. W. Kirby against E. L. Hurst and another. Judgment for plaintiff, and defendants appeal. Affirmed.

The action is brought by the plaintiff, Kirby, to recover of the defendants Hurst and American Surety Company the amount of certain fees due to plaintiff during his term of office as sheriff of Etowah county, and alleged to have been collected by or paid over to defendant Hurst, as clerk of the circuit court, and for which he has failed to account to plaintiff. The action is on Hurst's official bond, on which the defendant surety company is surety.

The complaint is in one count, which sets out each item of the fees as claimed. The defendants pleaded the general issue, payment, and set-off and recoupment.

On the evidence adduced, the trial court, sitting without a jury, rendered judgment for plaintiff for $1,812.75, and defendants appeal, assigning for error the rendition of the judgment, and numerous rulings on the evidence.

W. J. Boykin, of Gadsden, for appellants.

Plaintiff failed to keep a fee book, and the judgment rendered against the surety was erroneous. Code 1923, §§ 7266, 7267; McDonald v. Cox, 104 Ala. 379, 16 So. 113; Bilbro v. Drakeford, 78 Ala. 318; Marks & Gayle v. Wood, 133 Ala. 533, 31 So. 978. Plaintiff had the burden of showing when the amounts charged were collected and that the clerk still owed them. Buckner v. Graves, 210 Ala. 294, 98 So. 22. This not being a state matter, the reports of the examiner were not prima facie evidence. They were erroneously admitted. Code 1923, § 7747; Orr v. Bookholdt, 10 Ala. App. 331, 65 So. 430; Tatum v. Comm. Bank, 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767; U. S. H. A. Co. v. Savage, 185 Ala. 232, 64 So. 340.

Hood & Murphree, of Gadsden, for appellee.

Counsel discuss the questions raised and considered, but without citing authorities.

SOMERVILLE, J. [1] Plaintiff introduced in evidence the official report of a state examiner, regularly made in due course, showing the items of sheriff's fees collected by the defendant clerk, as evidenced by the execution docket kept by the clerk in his office. The report is, in fact, a statement of account between the sheriff and the clerk with respect to the fees in question. Section 746, Code 1923, provides that—

"Such reports shall be public records and shall be prima facie evidence of what they charge."

[2] The effect of this report was to make a prima facie case for plaintiff, and the burden of refuting its findings, or to show payment to plaintiff, was thereby cast upon defendant. The fact that the report does not show the date of each fee collection is not material. It is sufficient if it shows that all items were collected during the period of Hurst's incumbency covered by the official bond sued on, and that is plainly shown.

[3, 4] One of defendants' contentions is that plaintiff kept no fee book in which was entered the items of fees sued for, and that under sections 7266 and 7267 of the Code he is not entitled to claim them in this suit. But plaintiff testified that he kept a book in his office on which was entered every fee earned by the sheriff, and that when his term of office expired he left this book in the sheriff's office at the courthouse. He further stated that he had searched for this book, and had been unable to find it. Moreover, the provisions of the statutes referred to are for the protection of parties who are liable for the payment of such fees, and cannot be invoked by a clerk who has actually collected the fees, as shown by his execution docket, and has them in his possession as clerk.

[5] Counsel for defendants insist that the examiner's report was not admissible in evidence because "there was a variance between the allegation of the plaintiff's complaint and the statement of the examiner referred to." Counsel do not point out in what the alleged variance consists, but the fact, if so, that there were some discrepancies in the items set out, would not render the report as a whole inadmissible. On proper motion the variant items could have been excluded from consideration, as they doubtless were by the court ex mero motu.

[6] Defendants showed that at the expiration of plaintiff's term of office he had in his hands a number of executions, under which the clerk was entitled to items of cost, as to which plaintiff made no official return. But no evidence was offered to show that any of these executions could have been collected by reasonable diligence, nor that the clerk suffered any injury by reason of plaintiff's negligence in that regard.

[7] Examiner Malcolm, who made the report, was properly allowed to testify as to the balance of the accounts between clerk and sheriff—the net amount due to the sheriff as shown by the official dockets—this under the exception noted by Mr. Greenleaf:

"Where the evidence is the result of voluminous facts, or of the inspection of many books and papers, the examination of which could not conveniently take place in court." 1 Greenl. on Ev. (16th Ed.) 691, § 563.

We have examined all of the matters discussed in the brief for appellants, and do not find that any error was committed by the trial court. The testimony was heard ore

tenus, and we find nothing to impeach the correctness of the judgment rendered.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.