(129 So. 706)

## WIGGS v. STATE.

### 8 Div. 927.

Court of Appeals of Alabama.
June 24, 1930.

Rehearing Denied Aug. 19, 1930.

Joe Starnes, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The trial court cannot be put in error for refusing to cause the jury to retire during the argument of the solicitor in presenting a question of law to the court, unless it be made to clearly appear that the court had abused its discretion and that the defendant's cause was probably injured thereby. In this case we see no occasion for reviewing the action of the trial court on this question.

We are in complete agreement with the law cited by appellant from 30 C. J. 159 (373) that: "Evidence of a difficulty between accused and a third person with which deceased was in no way connected is not admissible." The fault of appellant's contention lies in the fact that there was evidence in this case from which the jury might infer that defendant was engaged in a difficulty with his brother, that he broke away and went into the house in order to arm himself with a gun, that he was interfered with by deceased, that this interference resulted in the homicide. If the jury should so infer, then the difficulty between defendant and his brother was not ended until the death of deceased. All of the facts therefore were of the res gestæ. The court might well have admitted the evidence offered by the solicitor, whereas the court made this ruling: "I sustain the (defendant's) objection to that, but all that happened in the house there is with the jury." There appears no exception to this ruling; indeed there could not be, for the reason that the ruling was favorable to appellant.

The testimony of the witness Simpson, to which "strenuous" objection is here made, consists of an objection on the trial to the witness giving the details of a difficulty between defendant and his brother Lem. The record does not bear out the exception, but,

if it did, under one phase of the evidence the difficulty between Lem and Peter would have been pertinent to the issues.

Objection was made to the introduction in evidence of a small piece of wood found near the body of deceased. A description of this piece of wood does not appear in the record. In the absence of such description this court has no way of knowing whether it was relevant or not. Non constat it might have been very important evidence.

Under the facts and circumstances in this case it was a question for the jury as to whether the homicide was an accident.

We find no error in the record, and the judgment is affirmed.

Affirmed.