193 So. 173

**NATIONAL SURETY CORPORATION et al. v. MONROE COUNTY.**

**l Div. 63.**

Supreme Court of Alabama.

Dec. 7, 1939.

Rehearing Denied Jan. 25, 1940.

Barnett, Bugg & Lee, of Monroeville, for appellants.

C. L. Hybart, of Monroeville, for appellee.

THOMAS, Justice.

The suit was rested on the liability of the tax assessor's official bond for alleged illegal payments made to or secured by that official from the county.

The complaint, in one count, sought recovery for separate alleged breaches of said official bond. This form of pleading in such a case was within the terms of the statute to prevent prolixity. Michie's Code, § 9462; Sloss Iron & Steel Company v. Macon County, 111 Ala. 554, 20 So. 400; 9 Corpus Juris, p. 104; 11 Corpus Juris Secundum, Bonds, § 109, page 486. There was no error in overruling demurrer to the complaint.

The demurrers to pleas 3, 4 and 5 are well taken and the trial court was without error in said respective rulings. Neither of these pleas denied the fact of overpayment or illegal or prior payments in question.

There was no error of the trial court in admitting in evidence, over the objection of defendant, the report of the State Examiner, the several warrants charged as illegally collected by the official, and the orders of the board of revenue relating thereto. The relevant portions of the State Examiner's report was within the statute as prima facie evidence of what was charged. Michie's Code, § 746; Hurst et al. v. Kirby, 213 Ala. 640, 105 So. 872. It is noted of the statute that such reports "shall be public records and shall be prima facie evidence of what they charge." See also Acts of 1931, p. 604, Acts 1935, p. 602, Michie's Code Supp.1936, §§ 752(1), 752 (3).

There was no variance in the allegations of the complaint, as within the meaning of the law, "Plat Book" and "Lot Book" are synonymous words. Compensation is provided for county officers for the making of such books. General Acts of 1923, p. 178, §§ 46, 47, amended by General Acts of 1931, p. 671.

We find from the record no reversible error in allowing the state's witness Taylor to testify as to the physical condition of the county claims in question. As we understand the record, it was a part of the res gestae of the act of collection or payment of the claim.

As there is no reversible error to be found in the record, it follows that the judgment of the circuit court should be and is affirmed.

Affirmed.

BOULDIN, BROWN, and FOSTER, JJ., concur.