JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Mobile County returned an indictment against the appellant, Doyle W. Chambers, charging him with embezzlement of public funds. Appellant entered a plea of not guilty. A jury found the appellant guilty as charged, and he was duly sentenced by the court to ten years in the state penitentiary. He appeals to this Court.
Appellant was at all proceedings in the trial court represented by counsel of his own choice, and is here represented by different counsel appointed by this Court. This appeal was submitted to this Court on briefs and on merits.
Appellant requested a continuance of his trial for the purpose of employing an expert in accounting to review the records of business from which the appellant is accused of embezzling funds; and to have time to analyze and examine a large number of documents which the court had ordered the prosecution to produce for the inspection of the appellant. This request for a continuance was denied by the trial court. The record before us shows that on the 8th day of May, 1975 the Grand Jury of Mobile County returned an indictment against the appellant, and on the same day appellant was arrested and made bond. The record further shows that on May 15, 1975 appellant appeared with his attorney in open court and was duly arraigned and entered a plea of not guilty to the charge contained in the indictment against him, and the cause was set for trial July 28, 1975, the case was again continued and set for trial Monday, October 20, 1975. It further appears from the record that appellant sought no assistance of the court until 4:03 P.M. Friday, October 10, 1975, in securing access to the books, records and audits of the clerk’s office he had occupied, at which time he filed a motion in court to have the District Attorney produce certain papers and documents in the possession of the District Attorney. The court on October 10, 1975 granted appellant’s motion and the District Attorney complied with the order by producing such documents as he had in his possession. On Monday, October 20, 1975 when the case was called for trial appellant requested a continuance. It appears from the record before us that the trial court promptly granted the appellant all assistance requested by the appellant in preparing his defense. From May 8, 1975 to October 10, 1975 Appellant sought no aid from the court in preparing for his defense, this was five months. There was no evidence taken in support of appellant’s motion for a continuance, only argument of counsel. We hold that under the facts in the record in this case the trial court did not abuse its discretion in overruling appellant’s motions for a continuance. Fletcher v. State, 291 Ala. 67, 277 So.2d 882; Seibold v. State, 287 Ala. 549, 253 So.2d 302; Butler v. State, 285 Ala. 387, 232 So.2d 631, certiorari dismissed, 406 U.S. 939, 92 S.Ct. 1807, 32 L.Ed.2d 140; Davis v. State, Ala.Cr.App., 346 So.2d 523.
State’s evidence tended to prove that the appellant was duly and legally appointed, qualified, and entered upon the duties of the clerk of the Court of General Sessions of Mobile County, Alabama; that it was the duty of the appellant as such clerk to collect, receipt, safe-keep, transfer or disburse money belonging to or under the control of the Court of General Sessions of Mobile County, Alabama. State’s evidence further tended to prove that appellant was short *23 $35,314.20 in his account as clerk of the Court of General Sessions, and that upon demand by the Examiner of Public Accounts of the State of Alabama the appellant failed to pay the charges. State’s evidence further tended to prove that the money collected by the employees in appellant’s office was checked daily by them, balanced, and placed in a cash box and turned over to the appellant. There was further evidence tending to prove that the appellant removed money from the cash box in various amounts and on many occasions, and converted it to his personal use. State’s evidence further tended to prove that appellant was in strained financial condition. The State further submitted evidence about the gambling habits of the appellant.
The appellant offered evidence on his behalf of good character, and denied that he took money belonging to the court in amounts larger than he was able to repay and converted it to his own use or to the use of others; that sums of money in various amounts were missing from the cash box on many occasions; that appellant had no idea who was taking the money. Appellant further offered evidence of his financial condition, of his habits of betting at the dog tracks. Upon cross-examination appellant further testified that on several occasions he placed his own personal checks in the cash box in order to keep up with the amount of its shortage in cash, that he took them all up except one left in the cash box when he resigned.
We have reviewed all the evidence offered by the State and hold that it was sufficient to sustain the jury verdict of guilty. The trial court did not commit error to reverse in overruling appellant’s motion to exclude the State’s evidence when the State rested its case. Enzor v. State, 27 Ala.App. 60, 167 So. 336; certiorari denied, 232 Ala. 257, 167 So. 340.
Appellant complains in his brief that the trial court erred in allowing into evidence a copy of a report of an examination of the records and accounts of the appellant’s office made by the Department of Examiners of Accounts of the State of Alabama covering the period, July 23, 1973 through April 17, 1975. The appellant was the clerk of the Court of General Sessions of Mobile County, Alabama at all times covered by the audit. Appellant’s complaint is that when it is shown that an original document is in possession of the party offering a copy of the original the copy should not be allowed. The cases cited by appellant do not deal with copies of reports of audits of public accounts by the Department of Examiners of Accounts of the State of Alabama. The report introduced into evidence was sworn to and subscribed before a notary public as being true and correct by H. W. Howell, an Examiner of Public Accounts for the State of Alabama, who was a witness for the State and identified the report in court as being a correct copy of his report. Code of Alabama of 1940, Title # 55, Sec. 170(18).
“Examiners to make sworn reports of audits. — The examiners shall make a sworn report of their findings within a reasonable time after an audit is completed. The chief examiner shall certify one copy of each report to the circuit judge of the county in which the office examined is located; the judge shall refer to the report in his next oral charge to the grand jury; and the report shall be entered in full upon the minutes of the court. Such reports shall be public records and prima facie evidence of what they charge. One copy of each report shall be certified to the governor. (1947, p. 235, Sec. 18, effective Oct. 1, 1947.)” (Emphasis supplied)
We hold that the court did not err in allowing the State to introduce the copy of the report of an audit made by the Examiners of Public Accounts of the State of Alabama. Hurst et a 1. v. Kirby, 213 Ala. 640, 105 So. 872; Code of Alabama of 1940, Title 55, Sec. 170(18).
Appellant complains in his brief of certain remarks made by the trial judge to the jury at the end of the first and second day of the trial while instructing the jury about being sequestered. The remarks com *24 plained of by appellant are as follows: On the first day,
“And, it is for his protection that you don’t hear from other parties or other sources about this case. I know that this is an extreme inconvenience to you,” and on the second day,
“Remember my instructions to you, this case is a most serious one. I want you to keep that uppermost in your mind at all times.”
We have searched the record and do not find any objection or exception to the above remarks of the trial court. We hold that without an objection or a ruling on the matter by the trial court there is nothing presented to this Court by the record before us for review. Knight v. State of Alabama, 273 Ala. 480, 142 So.2d 899; Weeks v. State, 49 Ala.App. 618, 274 So.2d 646; Scroggins v. State, Ala.Cr.App., 341 So.2d 967; Segers v. State, 283 Ala. 682, 220 So.2d 848.
Counsel for appellant in brief filed on his behalf contends that remarks made in the presence of the jury by the trial court on several occasions had a tendency to disparage the defense counsel or tended to bring the defense attorney into contempt before the jury, were prejudicial to appellant and were reversible error. We have examined the transcript contained in the record before us and find no objections or exceptions by appellant to any of the alleged disparaging remarks made by the trial court in the presence of the jury. We do find in the record several occasions where the court denied appellant’s request for voir dire of State’s witnesses to ascertain if the witnesses were testifying from their own knowledge or from what they had been told. Appellant excepted to the court’s rulings. On some of these occasions the trial court after denying voir dire instructed the witnesses to answer from their own personal knowledge; on others the question propounded called for an answer based on personal knowledge; and on others it was clearly established on cross-examination that the answer was based on personal knowledge. On several occasions counsel for appellant requested the trial court to exclude the jury from the courtroom for the purpose of allowing appellant’s counsel to argue to the court as to its rulings on evidence. These requests were denied. Appellant excepted to these rulings. The record before us indicates that appellant was allowed extensive cross-examination of all State witnesses. There are no objections or exceptions in the record to the remarks by the trial court consequently nothing is presented to this Court for a ruling. Knight v. State, supra; Weeks v. State, supra; Scroggins v. State, supra.
The granting of voir dire to ascertain if a witness is testifying from his personal knowledge; and granting a motion to exclude the jury from the courtroom for the purpose of allowing arguments by counsel to the court with reference to the court’s ruling on admission of evidence are matters within the sound discretion of the trial court. Hines v. State, 260 Ala. 668, 72 So.2d 296; Wiggs v. State, 24 Ala.App. 22, 129 So. 706; Birmingham Nat. Bank v. Bradley, 108 Ala. 205, 19 So. 791. We have reviewed the trial court’s rulings on appellant’s motions for voir dire, and to exclude the jury for the purpose of allowing appellant’s counsel to argue with reference to the court’s rulings on evidence. All considered, the trial appears to have been conducted with due regards to appellant’s rights, and we find nothing in the rulings of the trial court to indicate to this Court that the trial court abused its sound discretion by its rulings.
Appellant contends in his brief that the trial court committed reversible error in admitting extensive evidence about the gambling habits of the appellant who was on trial for embezzlement. At his trial appellant did not object to State’s evidence of his gambling habits, therefore the record before us does not present a ruling of the trial court for our review. Walker v. State, 265 Ala. 233, 90 So.2d 221; Cooper v. State, Ala.Cr.App., 340 So.2d 871; Crowe v. State, Ala.Cr.App., 333 So.2d 902; Patterson v. State, 51 Ala.App. 659, 288 So.2d 446.
*25 We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.