DeCARLO, Presiding Judge.
The appellant was indicted for theft of property in the first degree. After a jury found him guilty as charged, he was sentenced as a habitual offender to twenty years’ imprisonment. The facts of the case are not central to the issues on appeal and need not be recounted. Suffice it to say that the evidence supported the conviction and no contention to the contrary was made.
I
The appellant testified in his own behalf. During cross-examination the assistant district attorney was permitted, over objection, to ask whether he had been convicted of attempting to obtain pentazocine by use of a forged prescription. Appellant asserts that this was reversible error because that crime does not involve moral turpitude and, therefore, cannot be used for impeachment purposes.
In support of his argument, appellant cites Luker v. State, 361 So.2d 1124 (Ala.Cr. App.), cert. dismissed, 361 So.2d 1127 (Ala. 1978), wherein this court held that misdemeanor possession of marijuana is not a crime involving moral turpitude. According to appellant, if possession of a drug does not involve moral turpitude, then neither does attempting to obtain a drug. This argument is somewhat undercut by our recent decision in McIntosh v. State, [Ms. 4 Div. 11, Feb. 1, 1983] (Ala.Cr.App.1983), in which we held that felony possession of marijuana is a crime involving moral turpitude.
We do not, however, base our decision in the present case on our holding in McIntosh, supra, because appellant was not convicted of possession of pentazocine. He was convicted of attempting to obtain pentazo-cine by use of a forged prescription, which is an entirely different crime.
We agree with appellant that obtaining or attempting to obtain pentazocine is not a crime in and of itself. Pentazocine is a Schedule IV drug and may be obtained with a legitimate prescription. It is when *193 one obtains or attempts to obtain the drug “by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order” that the action becomes a felony. Ala.Code § 20-2-70(a) (1975). Therefore, in determining whether this crime involves moral turpitude, we must focus on the manner in which the drug was obtained or attempted to be obtained rather than the fact that it was obtained or an attempt made to obtain it.
Appellant was convicted of using a forged prescription in an attempt to obtain pentazocine. It has long been the law in Alabama that forgery is a crime involving moral turpitude. Moton v. State, 13 Ala. App. 43, 69 So. 235 (1915). Accordingly, we hold that attempting to obtain pentazocine by use of a forged prescription is a crime involving moral turpitude.
II
Before the assistant district attorney questioned appellant as to his prior conviction for attempting to obtain pentazocine by use of a forged prescription, defense counsel requested a hearing outside the presence of the jury to determine whether that crime involved moral turpitude. Appellant contends that the trial court committed reversible error in denying this motion because he was deprived of the opportunity to argue the issue and present cases on the subject.
Absent a clear abuse of discretion, the trial court will not be put in error for refusing to exclude the jury from the courtroom in order to hear arguments by counsel on a point of law. Wiggs v. State, 24 Ala.App. 22, 129 So. 706 (1930); see Chambers v. State, 352 So.2d 21 (Ala.Cr.App.), cert. denied, 352 So.2d 25 (Ala.1977). We find no abuse of discretion in this case.
For the reasons stated above, the judgment of conviction by the Mobile Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.