*1080 ON REMAND FROM ALABAMA SUPREME COURT
TYSON, Judge.
The issue of whether or not a second Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) hearing is required by the opinion of the Supreme Court of Alabama in Branch v. State, 526 So.2d 609 (Ala.1987), having been decided adversely to the appellant, this court will now proceed to review the other issues presented in this appeal.
I
As noted in our original opinion this is a “shoplifting” case by virtue of the indictment of the appellant for removing certain properties from the Sears-Roebuck Store in Huntsville, Alabama, without having paid for same or obtaining permission from the owner.
The testimony indicated that the appellant picked up two white jackets which had labels reading “Trader Bay” valued at $34.88 each, and a pair of pants. A security official followed the appellant and her two sons and heard them talking in an adjoining area. The appellant and her sons then exited the dressing area. The older son was carrying only one jacket and one pair of pants. The security official, Joann Kearney, then checked the stall where the appellant had been and did not find the missing jacket. The older son exited the store, passing four cash registers. The security official, together with another store employee, confronted the appellant at her automobile. The appellant and her sons were in the car. The older son got out of the car and accompanied Mrs. Kear-ney and Mrs. Robinson to the security office. The appellant drove away and the police were summoned.
Tom Asbill, the security manager, saw the appellant drive away and wrote down the tag number of the automobile. He saw the automobile’s occupant throw a white jacket with a label reading “Trader Bay” out of the window. Asbill and another employee, Bill Hall, attempted to pursue the automobile but lost it. Shortly thereafter appellant returned to the store and retrieved her son. The merchandise was not recovered and the security officials were forced to release them. The testimony of the personnel at the store revealed that there were only three “Trader Bay” jackets in inventory and one was missing after the incident above described.
The two issues assigned deal with closing argument by the prosecutor and some challenged testimony dealing with some film which had allegedly been destroyed.
II
With reference to the issue of the prosecutor’s closing argument, record pages 249-252 are hereinafter quoted:
“(Mr. Lampley summed up to the Jury on behalf of the Defendant. During his summation the following occurred:)
“MR. LAMPLEY: There seemed to be a lot of discussion about this pocketbook. Joann and Bessie are trained security people. When you take that film back into the deliberation room you look at it and you are going to be left with the same conclusion that I am left with, the pocketbook on her arm on the film is the same pocketbook as you have seen me have people hold up during this trial. It’s the same pocketbook. It’s the same size and everything.
“MR. ACCARDI: Your Honor, we object to that. There is no evidence to that effect.
“THE COURT: The Jury will decide what the facts are in this case.
*1081 “(Mr. Lampley then resumed his summation, and during same the following occurred:)
“MR. LAMPLEY: You must be convinced beyond a reasonable doubt about all these things, that they took place just as they said it did. Their case is entirely circumstantial.
“MR. ACCARDI: We object to the characterization that we have to prove every one of these things beyond a reasonable doubt.
“THE COURT: Well, Ladies and Gentlemen, I will explain to you what the State must prove beyond a reasonable doubt.
“(Mr. Lampley then proceeded and concluded his summation.)
“(Mr. Accardi further summed up to the Jury on behalf of the State. During his remarks the following occurred:)
“MR. ACCARDI: They are walking around the rack looking around. I want you to watch what happens next when they come back around to the other side of the rack. Cedric has picked up the jacket and he is saying, ‘Mom, let’s go ahead and take this jacket. Let’s do it.’ Mom says, ‘No — ’
“MR. LAMPLEY: I object to that, Your Honor. There was no testimony to that effect from Cedric. I ask the Court to strike it and ask the Jury not to consider that statement.
“THE COURT: I sustain the objection. There has been no testimony from Cedric.
“(MR. Accardi then resumed his summation, and during same the following occurred:)
“MR. ACCARDI: What she is doing here is trying to make it look like one jacket. That’s the way this scam works. You get a pair of sweat pants that you have no intention of buying and you lay it over the two garments to further cover it and you walk in the dressing room, hide the one garment in your purse and then return the other garment and the sweat pants. You know, if it’s not on tape, if you don’t have this kind of evidence, nobody notices it. I don’t know how many stores have been ripped off that way.
“MR. LAMPLEY: Your Honor, we object to that.' There has been no testimony about any other stores in this case.
“THE COURT: Confine yourself to this case, please.
“(Mr. Accardi then resumed his summation, and during same the following occurred:)
“MR. ACCARDI: Mr. Lampley asked you to go back there and ask yourself some questions. Ask yourself why she would be giving a small child two medium or large jackets that obviously would not fit him and then go back into the fitting room.
“MR. LAMPLEY: Your Honor, we would object to that. That has not been displayed in court.
“THE COURT: Overruled.
“(Mr. Accardi then resumed and then concluded his summation.)”
The appellant contends that reversible error occurred by virtue of the statements of the prosecutor as herein set forth. Specifically he states that the comment m closing argument with reference to the appellant’s right to remain silent was violated in the colloquy as set out above.
The attorney general’s office points out that there is no adverse ruling inasmuch as the trial judge indicated to the jury that he would explain the law, that he sustained the objection with reference to whether or not there was testimony from Cedric and instructed the jury not to consider the statement. In another instance the court points out “confine yourself to this case”. In light of these instructions, we are of the view that the appellant has failed to properly preserve the issue and the appellant’s constitutional rights were here properly protected through the ruling of the trial judge. See Hurd v. State, 428 So.2d 191 (Ala.Crim.App.1983). See also Parker v. State, 482 So.2d 1336 (Ala.Crim.App.1985).
Ill
The final issue raised on appeal dealt with the appellant’s assertion that the trial judge should have excluded certain testimony by State’s witness Tom Asbill, *1082 with reference to other conduct of the appellant a few days earlier in the store. (R. 212-214). Mr. Asbill had testified that he had seen the appellant in the store a few days earlier and that she was a suspect in a theft at that time. Mr. Asbill indicated that there had been film made of the suspected person, but that such had been destroyed. (R. 213).
As noted in the attorney general’s brief, the information brought forward on record 212 with reference to the appellant’s prior conduct was elicited through questioning by defense counsel. It was also in response to questions as asked by defense counsel. Moreover, as also noted in the State’s brief, a prior State’s witness, one Joann Kearney, was also asked about this on cross-examination and had brought forward the same information. (R. 49).
Since the appellant brought out this information on cross-examination of the State’s witnesses, she may now not be heard to complain. Timmons v. State, 487 So.2d 975 (Ala.Crim.App.1986) and authorities therein cited.
We have carefully examined the record in this cause and are of the view that this cause is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.